IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00292-RPM-MJW

FASTENERS, INC., a Colorado corporation,

    Plaintiff,

v.

CINDY WORMINGTON, an individual, and
RTK ENTERPRISES, INC., f/k/a KEMPER PRODUCTS, INC.,
a Colorado corporation, and
RANDALL MILLS KEMP, an individual,

    Defendants.

## STIPULATED PROTECTIVE ORDER

### Findings Supporting Entry Of Protective Order

    The parties to this case have requested that the following Stipulated Protective Order be entered to govern the exchange of discovery material that the parties regard as confidential. Given the nature of this case, discovery will necessarily focus on several areas of a sensitive proprietary nature - such as a party's valuable and confidential proprietary customer information, settlement agreements with third parties, and corporate financial information and statements. Many documents concerning these subjects contain confidential proprietary information, trade secrets, and private information of third parties. Because disclosure of such material poses a substantial risk of causing harm to the parties' respective competitive positions, the parties have developed and reached agreement upon a protocol for controlling disclosure of such information produced in discovery. The agreed-upon protocol is embodied in this Protective Order.

Good cause exists for entry of this Order.  <u>See</u> Fed. R. Civ. P. 26(c); <u>In re Standard Metals Corp.</u>, 817 F.2d 625, 628 (10th Cir. 1987).  The nature of the case requires the parties to seek and produce documents and information and elicit deposition testimony, the disclosure of which poses a substantial risk of harm to the producing or designating party's legitimate proprietary interests.  This Protective Order provides reasonable restrictions on the disclosure of such sensitive materials.  In order to streamline the discovery process and minimize the need for Court intervention, this Protective Order adopts an approach that allows the producing party, or other party to which such information is proprietary or confidential, to designate certain materials being produced or deposition testimony as confidential.  Disclosure of materials designated as "Confidential" Information or "Highly Confidential" Information is limited to specific classes of persons.  In addition, this Protective Order provides for filing confidential documents with the Court under seal, if such documents need to be filed as part of motion practice or other proceedings.

This Order also provides that the party requesting production of the information may challenge the producing or designating party's confidentiality designation before the Court, thereby minimizing the likelihood that non-sensitive documents will be unnecessarily designated as confidential.  The Order allocates to the producing or designating party the burden of justifying the confidentiality designation.

Accordingly, the Court hereby enters the following Protective Order:

## Protective Order

Each Party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information and Highly Confidential Information (as hereinafter defined), and, as grounds therefore, state as follows:

1. In this action, at least one of the Parties has sought and/or is seeking Confidential Information and Highly Confidential Information (as defined in paragraphs 2 and 3 below). The Parties also anticipate seeking additional Confidential Information and Highly Confidential Information during discovery and that there will be questioning concerning Confidential Information and Highly Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation by agreement and request the Court enter this Protective Order for the purpose of preventing the disclosure and use of Confidential Information and Highly Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made there from - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 4 below as containing: any trade secret or other confidential or proprietary research, development, commercial, financial information, or other information that is deemed proprietary or confidential.

3. "Highly Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made there from - not made available to the public - and designated by one of the Parties, including former parties, in the manner provided in paragraph 4 below as containing: highly sensitive technical information, including, but not limited to, undisclosed technical specifications for current or future products, highly sensitive financial information and marketing plans and forecasts, and other highly sensitive business information. It is understood that the "Highly Confidential" designation is an exceptional designation and is to be used in good faith only to protect the information which meets the above defined criteria.

4. Where Confidential Information or Highly Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the word "Confidential" or "Highly Confidential" on the first page or cover of any document produced and any following page(s) on which "Confidential" or "Highly Confidential" Information appears;

    b. By imprinting the word "Confidential" or "Highly Confidential" next to or above any response to a discovery request; and

    c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" or "Highly Confidential" no later than ten (10) calendar days after receipt of the transcribed testimony.

5. All Confidential Information or Highly Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this Action and unless an affidavit in the form of Exhibit A has been signed;

    c. Confidential Information may be disclosed to up to two (2) specified persons designated by each plaintiff and defendant who are working on or have responsibility for this case. Each plaintiff and defendant shall provide written notice to each Party of the two (2) specified persons designated before Confidential Information is produced by any party. The (2) specified persons of a party may be changed or substituted, for good cause shown, and by providing written notice of such change or substitution to the other party, but in no event shall any party have more than two (2) specified persons at any given time. The specified persons of a party who are authorized to receive Confidential Information under this paragraph may attend a deposition at which Confidential Information may be disclosed. The designating party shall have the right to exclude such persons from the deposition only during the period any Highly Confidential Information is disclosed or discussed.

d. Highly Confidential Information and any analysis or report containing Highly Confidential Information may be made available to and inspected by any outside counsel of record, including support staff and other assistants, court reporters, and photocopying and/or graphics services, but may not be disclosed to Parties or their representatives. The current outside counsel of record are listed below:

> Fasteners, Inc.:
> Robert R. Brunelli
> Ian R. Walsworth
> SHERIDAN ROSS P.C.
> 1560 Broadway, Suite 1200
> Denver, CO. 80202
>
> Cindy Wormington:
> Norman Wright
> 5261 South Quebec Street, Suite 100
> Greenwood Village, CO 80111
>
> RTK Enterprises, Inc. and Randall Mills Kemp:
> David J. Dansky
> CHAMBERS, DANSKY & MULVAHILL LLC
> 1601 Blake Street, Suite 500
> Denver, CO 80202

5. Confidential and Highly Confidential Information and any analysis or report containing Confidential and Highly Confidential Information may be disclosed to independent experts and independent consultants (including jury consultants) and their staffs (including members of mock juries) who are employed to furnish expert or technical services or to give expert testimony with regard to this action and not otherwise affiliated in any way with a party. As a condition precedent to disclosure of Confidential or Highly Confidential Information to any such person, he or she must: acknowledge receipt and understanding of this Protective Order; agree to be bound thereby; agree to use the Confidential or Highly Confidential Information

solely for this litigation, and not to disclose any Confidential or Highly Confidential Information to any other person, firm, or concern in violation of this Protective Order; and agree never to use any Confidential or Highly Confidential Information, directly or indirectly, in competition with the party that disclosed it, nor to allow any other person to do so.  Each person specified in the above paragraph shall execute a declaration acknowledging the foregoing, in the form annexed hereto as Exhibit A, before receiving any Confidential or Highly Confidential Information.  For each independent expert who executes a declaration, counsel who retained the independent expert shall forward to opposing counsel a copy of the executed declaration, together with a current CV and a list of all cases in which the expert testified at trial or by deposition within the last four (4) years, to counsel for the other parties at least seven (7) days prior to the proposed disclosure of Confidential or Highly Confidential Information.  If any party objects to the proposed disclosure to the expert within seven (7) days after receipt of the notice of it, the disclosure may not be made without prior approval by the Court.  Opposing counsel shall make a good-faith effort to reach an agreement regarding the proposed disclosure to the expert.  If an agreement cannot be reached, the party desiring to disclose Confidential or Highly Confidential Information to the expert shall make an appropriate motion.  The burden shall be on the objecting party to show the Court why the disclosure should not be made.

6. The Party's counsel who discloses Confidential or Highly Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential or Highly Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential or Highly Confidential Information.

7. No copies of Confidential or Highly Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

8. During the pendency of this litigation, counsel shall retain custody of Confidential or Highly Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

9. If opposing counsel objects to the designation of certain information as Confidential or Highly Confidential Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this Protective Order. Any motion for disclosure shall be filed within fourteen (14) days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential or Highly Confidential Information status from the time it is produced until the ruling by the Court on the motion.

10. Any pleading, brief, declaration, affidavit, or other filing marked "Confidential" or "Highly Confidential" or containing Confidential or Highly Confidential Information shall be filed electronically under seal pursuant to the requirements of D.C.COLO.LCivR 7.2 and 7.3, and the District of Colorado ECF Procedures, Version 3.0, Section VI. The Clerk of Court is directed to maintain under seal all material filed in this Action which has been marked or designated, in whole or in part, as Confidential or Highly Confidential and filed in accordance

with this paragraph. The sealed material shall not be opened or released from the custody of the Clerk of Court except by order of the Court.

11. A witness at a deposition or trial, who is not authorized to receive Confidential or Highly Confidential Information, may be shown any document that contains or reveals Confidential or Highly Confidential Information only if the document was authored by, received by, or known to the witness, or provided that the designating party consents to such disclosure. In addition, a witness may be shown any document that contains or reveals Confidential or Highly Confidential Information if the witness is an officer, director, or employee of the designating party.

12. Nothing in this Protective Order shall be construed (a) as preventing a party from using or continuing to use any information that is or becomes publicly known through no unauthorized act of such party, or (b) as preventing a party from using or continuing to use any information that is or becomes known to it if such information was or is lawfully obtained by such party other than through discovery of the producing party or designating party. Should a dispute arise as to any specific information or material, the party claiming that such information or material is or was publicly known or was lawfully obtained other than through discovery of the producing party or designating party shall have the burden of proving its claim.

13. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential or Highly Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

14. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

15. The inadvertent or unintentional failure by a producing or designating party to designate specific discovery material as Confidential or Highly Confidential Information shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to such discovery material. Upon notice to the receiving party of such failure to designate, the receiving party shall cooperate to restore the confidentiality of the inadvertently disclosed discovery material, without prejudice to the receiving parties' right to challenge the designation.

16. The inadvertent production of discovery material subject to the attorney-client privilege or the attorney work-product doctrine will not waive the attorney-client privilege or the attorney work-product doctrine. In addition, the fact that discovery material was inadvertently produced shall not be used in any manner as evidence in support of any such alleged waiver. If a party has inadvertently produced discovery material subject to a claim of immunity or privilege, upon request, any documents and all copies thereof shall be returned promptly, and in no event later than five (5) calendar days, after a request is made by the producing party or designating party, as required by Rule 26(b)(5)(B). Moreover, any notes or summaries, other than those expressly permitted under this section, referring to or relating to any such inadvertently produced discovery material subject to a claim of immunity or privilege shall be destroyed. Nothing herein shall prevent the receiving party from preparing a record for its own use containing the date, author, address(es), and such other information as is reasonably necessary to identify the discovery material and generally describe its nature to the Court in any motion to compel production of the discovery material. Such a record of the identity and nature of discovery

material may not be used for any purpose other than preparation of a motion to compel in this Action. After the return of the discovery material, the receiving party may challenge the producing or designating party's claim(s) of privilege or work-product by making a motion to the Court.

17. Nothing in this Protective Order shall prevent disclosure beyond the terms of this Order if the producing party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

18. Within sixty (60) days after the conclusion of this action, all discovery material designated Confidential or Highly Confidential, including extracts and summaries thereof, and all reproductions thereof, shall be returned to the producing party or designating party, or shall be destroyed, at the option of counsel in possession of such copies. If the materials are destroyed, counsel responsible for the destruction shall within seven (7) days of such destruction certify to counsel for the producing or designating party that destruction has taken place. Notwithstanding the forgoing, counsel for the parties may retain the pleadings, court papers, transcripts of depositions and hearings and any exhibits thereto, expert reports, written discovery requests and responses, and correspondence despite the presence of Confidential or Highly Confidential Information in those materials. Insofar as the provisions of this and any other Order entered in this action restrict the communication and use of information, such Order(s) shall continue to be binding after the conclusion of this litigation except (i) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (ii) that a party may seek the written permission of the producing party or designating

party (as appropriate), or further order of the Court with respect to dissolution or modification of any such Order(s).

19. The terms of this Protective Order shall be applicable to any third party who produces discovery material which is designated by such third party as Confidential or Highly Confidential, and any party seeking discovery in any manner of a third party or non-party witness shall provide to them a copy of this Protective Order at the time any subpoena or other request for discovery is first served on such third party or non-party witness. Nothing in this paragraph permits a party to designate as Confidential or Highly Confidential any discovery material produced by a third party which that third party did not itself designate Confidential or Highly Confidential, unless such discovery material contains information proprietary or confidential to a party hereof.

20. Nothing in this Protective Order shall prejudice the right of any party, or any third party, to seek relief from the Court, upon good cause shown, from any of the restrictions provided above or to impose additional restrictions on the disclosure of any discovery material.

21. Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this action and, in the course thereof, relying in a general way upon his or her examination of Confidential or Highly Confidential Information produced or exchanged in this action; provided, however, that in rendering such advice and in otherwise communicating with a person not entitled to view any Confidential or Highly Confidential Information, the attorney shall not disclose the contents of Confidential or Highly Confidential Information produced by any other party or non-party.

22. Nothing in this Protective Order waives any right of any party it would otherwise have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, nothing in this Protective Order waives any right of any party to object on any ground to use in evidence any of the material covered by this Protective Order.

Dated at Denver, Colorado, this 13 day of January, 2009.

| | |
|---|---|
| s/ Robert R. Brunelli | s/ Norman Wright |
| Robert R. Brunelli | |
|   rbrunelli@sheridanross.com | Norman Wright, Esq. |
| Ian R. Walsworth | 5261 South Quebec Street, Suite 100 |
|   iwalsworth@sheridanross.com | Greenwood Village, CO 80111 |
| Sheridan Ross P.C. | norm@nhwrightlaw.net |
| 1560 Broadway, Suite 1200 | Attorney for Defendant |
| Denver, Colorado 80202 | Cindy Wormington |
| Telephone: (303) 863-9700 | |
| Facsimile: (303) 863-0223 | s/ David J. Dansky |
| litigation@sheridanross.com | David J. Dansky, Esq. |
| | Chambers Dansky & Mulvahill LLC |
| Attorneys For Plaintiff | 1601 Blake Street, Suite 500 |
| Fasteners, Inc. | Denver, CO 80202 |
| | ddansky@ccdzlaw.com |
| | |
| | Attorneys For Defendant |
| | RTK Enterprises, Inc. and Randall Mills Kemp |

SO ORDERED this 14th day of January, 2009.

BY THE COURT:

s/Richard P. Matsch

Richard P. Matsch, Senior District Judge

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00292-RPM-MJW

FASTENERS, INC., a Colorado corporation,

     Plaintiff,

v.

CINDY WORMINGTON, an individual, and
RTK ENTERPRISES, INC., f/k/a KEMPER PRODUCTS, INC.,
a Colorado corporation, and
RANDALL MILLS KEMP, an individual,

     Defendants.

**DECLARATION AND AGREEMENT TO BE BOUND**

I, _____, declare and state under penalty of perjury that:

    1.    My present residential address is _____

_____.

    2.    My present employer is _____3.

My present occupation or job description is _____

_____.

    4.    I have received and read the Protective Order dated _____, and understand its provisions. Specifically, I understand that I am obligated, under order of the Court, to hold in confidence and not to disclose the contents of anything marked Confidential or Highly Confidential to anyone other than as permitted under paragraph 5 of the Protective Order.

I further understand that I am not to disclose to anyone any words, substances, summaries, abstracts or indices of any Confidential or Highly Confidential Information disclosed to me other than as permitted under paragraph 5 of the Protective Order. I will use the Confidential or Highly Confidential Information solely for purposes relating to the above-captioned litigation. I will never use any Confidential or Highly Confidential Information, directly or indirectly, in competition with the disclosing party nor will I permit others to do so. In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

5. At the termination of this action or at any time requested by counsel, I will return to counsel for the party by whom I am employed or to counsel by whom I am employed all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting Confidential or Highly Confidential Information which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

6. I understand that if I violate the provisions of the Protective Order, I will be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing party.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on _____  _____
                                                                                                  Signature